FILED
2015 Oct-13 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "B"

7001 St Andrews Road, #361 * Columbia, SC 29212 * *

April 26,2010

Ibrahim Sabbah and
Sabbah Brothers Enterprises Inc.
PO Box 36661
Hoover, AL 35236

**OUR INSURED:** Sabbah Brothers Enterprises Inc DBA: 14th Street BP
**OUR CLAIM NUMBER:** 77 01 PR 357796 05022007 51
**DATE OF LOSS:** 05-02-2007

RE: Plaintiffs: Tisha Owens and Bobby Waldrop, Sharon Robertson, Susan Green et al.
vs Sabbah Brothers Enterprises, Inc, Ibrahim Sabbah, et al

RESERVATION OF RIGHTS

SENT CERTIFIED MAIL RETURN RECEIPT REQUESTED

Dear Mr Sabbah and Sabbah Brothers enterprises,

We have previously sent you similar letters in your capacity as principal of Sabbah Brothers Enterprises, as well as you, personally, relative to being named defendants in the several lawsuits filed.in relation to an auto accident which occurred on May 2, 2007. It is my understanding that one or more amended complaints have now been filed against the same defendants, containing essesially the same allegations as to the improper sale of alcohol to a minor and or allowing alcoholic beverages to come in to the hands of a minor.

Nationwide Mutual Fire Insurance Company ("Nationwide") has examined the claims made against you by the above-referenced claimant. Nationwide has reviewed the relevant information, including the Nationwide policy numbers, 77 PR 762940-3007 and 77 BO 762940-3001(the "policies"). Based on this review, Nationwide has determined that the claim presented by this claimant may not be covered under the policies. This letter explains the basis for this determination.

In order to explain the coverage issues, Nationwide must discuss the claimant's allegations. Nationwide understands that these allegations are unproven facts and may be untrue, incomplete or embellished, and Nationwide does not conclude that any allegation is true. No statement in this letter should be construed otherwise.

1

FACTUAL SUMMARY

These cases are a result of an auto accident that occurred on 5/2/07 on Eastern Valley Rd. at the Jefferson County line. This was a single vehicle accident involving the driver Brittany Caffee and three passengers, Drew Robertson, Michael Waldrop, and Jennifer Vickery. Brittany was charged with driving under the influence of an alcoholic beverage. The plaintiff's allege that Brittany purchased at least one alcoholic beverage at 600 14th Street in Bessemer AL., that she is underage, and that this illegal sale of alcohol forms the basis for liability against Sabbah Brothers Enterprises Inc. (SBE)

It is our understanding that SBE does own the property at 600 14th Street, but does not operate the business that is run at this location. That business is operated by Nineteenth Street Investments Inc. (NSI), who also holds the liquor license for that location. It is our understanding that Ibarhim Sabbah as been named, individually, relative to his ownership interest in an incorporated business.

While we argue that SBE did not and could not have furnished any alcoholic beverages to Brittany Caffee because SBE does not operate the business that would have done so, this is an issue that will ultimately be determined by a court of law. The applicable policy exclusions will depend on the ultimate finding.

The complaints served on you allege the following causes of action:

Waldrop and Robertson:
• Count II: Defendants furnished or sold alcoholic, intoxicating beverages to Defendant Caffee in violation of Alabama laws and regulations, including ALA Code 6-5-70 and 6-5-71, and ABC Board regulations, by unlawfully selling or furnishing alcoholic beverages or spirituous liquors to Caffee, who is less than 21 years of age, while having knowledge of said minority or being chargeable with knowledge of such minority, and by further furnishing alcoholic beverages to a person who appeared to be intoxicated.

Vickery:
• Count III: Made pursuant to Code of Alabama Sections 6-5-70 through 6-5-72. Alleges that SBE "sold, gave or otherwise disposed alcoholic beverages contrary to Alabama law to Brittany Caffee and Jennifer Vickery, minors, causing them to become under the influence of alcohol and/or physically intoxicated...".
• Count IV: SBE negligently hired, trained, supervised, and monitored their employee(s), who in turn violated Code of Alabama Sections 6-5-70 through 6-5-72.

*********************************************************************************

COVERAGE SUMMARY

Alleged Date of Loss:            5/2/07
Applicable Policy Period(s):    4/5/07 to 4/5/08

Nationwide's analysis of coverage is limited to these policies. If you are aware of any other Nationwide policies that may afford coverage for this matter, please inform Nationwide immediately.

2

The coverage issues related to each cause of action against you include, but are not limited to:
• The business owners liability coverage form excludes coverage for liquor liability, and the liquor liability coverage form excludes coverage when there is no liquor license in effect. SBE did not have a liquor license in effect when this loss occurred.

The following excerpts from your coverage form will help to explain the coverage issues. Please refer to a copy of your policy forms for a full explanation.

*********************************************************************************

COVERAGE FORM EXCERPTS – CAS6345 (07/05) Businessowners Liability Coverage Form

\* Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
\* Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.
\* The words "we", "us" and "our" refer to the Company providing this insurance.
\* The word "insured" means any person or organization qualifying as such under Section C Who Is An Insured.
\* Other words and phrases that appear in quotation marks have special meaning. Refer to Section IF Liability And Medical Expenses Definitions.

A. Coverages

1. Business Liability

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any suit" seeking damages for "bodily injury", property damage", "personal injury", or advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
(1) The amount we will pay for damages is limited as described in Section D. Liability And Medical Expenses Limits Of Insurance; and
(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension Supplementary Payments.

b. This insurance applies:

(1) To "bodily injury" and "property damage" only if:
(a) The "bodily injury" or "property damage" is caused by an "occurrence' that takes place in the "coverage territory"; and
(b) The "bodily injury" or "property damage" occurs during the policy period.

(2) To:
(a) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

3

(b)     "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;
but only if the offense was committed in the "coverage territory" during the policy period.

c.      Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

d.      Coverage Extension Supplementary Payments
In addition to the Limit of Insurance we will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
(1)     All expenses we incur.
(2)     Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which Business Liability Coverage for "bodily Injury" applies. We do not have to furnish these bonds.
(3)     The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance. We do not have to furnish these bonds.
(4)     All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.
(5)     All costs taxed against the insured in the "suit".
(6)     Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.
(7)     All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:
a.      The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
b.      This insurance applies to such liability assumed by the insured;
c.      The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
d.      The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;
e.      The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and
f.      The indemnitee:
(1)     Agrees in writing to:
(a)     Cooperate with us in the investigation, settlement or defense of the "suit";
(b)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";
(c)     Notify any other insurer whose coverage is available to the indemnitee; and
(d)     Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and
(2)     Provides us with written authorization to:

4

(a) Obtain records and other information related to the "suit"; and
(b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph B.1.b.(2) of Exclusions, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or
b. The conditions set forth above, or the terms of the agreement described in Paragraph f. above are no longer met.

2. Medical Expenses

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:
(1) On premises you own or rent;
(2) On ways next to premises you own or rent; or
(3) Because of your operations;
provided that:
(a) The accident takes place in the "coverage territory" and during the policy period;
(b) The expenses are incurred and reported to us within one year of the date of the accident; and
(c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the Limit of Insurance. We will pay reasonable expenses for:
(1) First aid administered at the time of an accident;
(2) Necessary medical, surgical, xray and dental services, including prosthetic devices; and
(3) Necessary ambulance, hospital, professional nursing and funeral services.

B. Exclusions

1. Applicable To Business Liability Coverage

This Insurance does not apply to:
c. Liquor Liability
"Bodily injury" or "property damage" for which any insured may be held liable by reason of:
(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

5

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COVERAGE FORM EXCERPTS – CG0033 (12/04) Liquor Liability Coverage Form

\* Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights,
duties and what is and is not covered.
\* Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", us" and "our" refer to the Company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
\* Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

SECTION I – LIQUOR LIABILITY COVERAGE

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:
(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

b. This insurance applies to "injury" only if:
(1) The "injury" occurs during the policy period in the "coverage territory"; and
(2) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "injury" or claim, knew that the "injury" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "injury" occurred, then any continuation, change or resumption of such "injury" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Injury" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "injury" or claim, includes any continuation, change or resumption of that "injury" after the end of the policy period.

d. "Injury" will be deemed to have been known to have occurred at the earliest time when any insured

6

listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "injury" or claim:
(1) Reports all, or any part, of the "injury" to us or any other insurer;
(2) Receives a written or verbal demand or claim for damages because of the "injury"; or
(3) Becomes aware by any other means that "injury" has occurred or has begun to occur.

2. Exclusions

This insurance does not apply to:

d. Liquor License Not In Effect
"Injury" arising out of any alcoholic beverage sold, served or furnished while any required license is not in effect.

***************************************************************************************

CONCLUSION

Based on these coverage exclusions and conditions it is the intent of Nationwide to conduct their investigation and any defense under a full and complete reservation of rights and coverage defenses.

Nothing in this letter should be deemed a waiver of the terms or conditions of the Nationwide policies. Nationwide expressly reserves the right to rely upon any term or condition of the policies or any other basis that may be found to limit or preclude coverage, whether those terms or conditions are discussed in this letter or not.

Nationwide will also reconsider its position in light of any additional information you may have or any analysis you may wish to present that, in your opinion, shows that a reservation of rights should not apply to this claim. If you wish us to re-examine this matter on that basis, please write to the undersigned representative, setting out any such additional information or analysis. If such additional information is included in documents that have not already been supplied to Nationwide, please enclose copies of those documents.

We will need your full cooperation as provided in the policies. Because this claim against you has gone to suit, it would be in your best interest to not have your employees, officers, directors, etc. discuss the case with anyone except a representative of Nationwide, an attorney retained by Nationwide should an attorney be retained by Nationwide, or with your personal attorney.

Sincerely,

Nationwide Mutual Fire Insurance Company
Kevin Paschall
803-315-9666
paschak@nationwide.com

cc:
Pat Donalson (via email)
Kori Clement (via email)