FILED
2015 Oct-13 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "C"

## Davenport, Lavette & Cleckler, PC
ATTORNEYS AT LAW

W. KIRK DAVENPORT
PATRICK M. LAVETTE
D. CRAIG CLECKLER

P.O. Box 360186
BIRMINGHAM, AL 35236

TELEPHONE (205) 988-4038
FACSIMILE (205) 988-3490

March 3, 2011

**VIA EMAIL & FIRST CLASS MAIL**

Kori L. Clement, Esq.
HARE, CLEMENT & DUCK, P.C.
505 North 20th Street, Suite 1010
Financial Center
Birmingham, Alabama 35203

> Re:   *Sharon Robertson v. Brittany Caffee, et al.*
> **In the Circuit Court of Jefferson County, Bessemer Division**
> **Civil Action No.: CV-2007-633-ERV**
>
> *Susan Green, et al. v. Brittany Caffee, et al.*
> **In the Circuit Court of Jefferson County, Bessemer Division**
> **Civil Action No.: CV-07-783-ERV**
>
> *Tisha Owens, et al. v. Brittany Caffee, et al.*
> **In the Circuit Court of Jefferson County, Bessemer Division**
> **Civil Action No.: CV-07-797-ERV**

Dear Kori:

I am writing in the above-referenced cases on behalf of Plaintiffs Robertson, Vickery and Waldrop.

The Defendants' Motions for Summary Judgment have been denied and the court has indicated that all issues–including the corporate identity issues–will go to trial.

We feel that this case represents a substantial risk of exposure to your clients. All living plaintiffs testify that alcohol was illegally purchased by Brittany Caffee from the 14th Street BP. The evidence is largely indisputable that Caffee became intoxicated from that alcohol and that the automobile crash was a direct result. She was underage. She was not carded. The sale was illegal.

The Dram Shop and Civil Damages Statutes are, in essence, strict liability. One that dispenses alcohol illegally is liable for the compensatory and punitive damages that result. One of the largest verdicts in Jefferson County history arose from a liquor liability action in the Bessemer

PHYSICAL ADDRESS: 3829 LORNA ROAD, SUITE 302, BIRMINGHAM, AL 35244
WEBSITE: www.dlclawyers.com

H&C 11068

Kori L. Clement, Esq.
March 3, 2011
Page 2

---

cutoff. In *Chambliss v. Applebee's*, CV-96-744, a Bessemer jury returned a $13 million judgment against a bar that served a twenty-year old girl who subsequently died in a single-car crash.

The present case is similar, and has especially tragic consequences. A thirteen year old boy was killed. Two other teens were seriously injured. The potential for large multiple verdicts is high. This would be particularly true if, as the court indicated at our most recent hearing, it tries the cases separately.

The case for disregarding the corporate form is especially strong. There is abundant evidence that Mr. Sabbah regularly misuses the corporate fiction, regularly commingles assets between various corporations, and uses whichever corporate entity is more advantageous or more convenient to use in various circumstances. For instance, the Sabbah Brothers Enterprises, Inc. ("SBE") entity is used to make all oil and gas purchases for Nineteenth Street. Nineteenth Street, however, claims these expenses for income tax purposes. SBE claims to own all the shares of Nineteenth Street. For personal income tax purposes, however, Mr. Sabbah claims that he owns the shares. Money is regularly moved from one corporation to another. Mr. Sabbah regularly draws cash out of both corporations. Bills of one corporation are regularly paid by the other. Little accounting appears to have been done to distinguish between corporations. The evidence is that Mr. Sabbah operates all of these corporations for his own benefit and he, SBE, and Nineteenth are essentially one and the same.

Mr. Sabbah's credibility with respect to these issues is not good. His statements regarding the various corporate entities are in stark conflict with the documentary evidence obtained from third parties. His statements are largely contradicted by his bookkeeper's testimony. It is our judgment he has lost any sympathy of the court.

We believe that it will be a simple matter for the court to determine that the actions of Nineteenth Street are the actions of Sabbah and SBE. Any liability of Nineteenth Street will likewise be a liability of Sabbah and SBE. The evidence should compel this result.

Sabbah and SBE are clearly covered by Nationwide policy number 77PR762940. Any judgment returned against them would be covered by that policy.

A strong argument can be made that Nineteenth Street should likewise be covered under that policy. Clearly, the intent of the parties was to obtain liability coverage for the convenience store operating at the 600 14th Street location. The declarations page shows coverage for this location. The certificate of insurance produced by Nationwide to the ABC Board shows coverage for this location. This policy was renewed several times after Sabbah "acquired" Nineteenth, which appears to be no later than May 2005. Nineteenth represented to the Alabama Beverage Control Board that this policy covered alcohol sales at the convenience store. Both SBE and Nineteenth Street made

H&C 11069

Kori L. Clement, Esq.
March 3, 2011
Page 3

---

premium payments for this policy.

It is entirely likely that, should an adverse judgment be returned against Nineteenth Street, that a viable E & O claim could be made against Nationwide's captive agent for its role in writing the policy, if it is determined that coverage for Nineteenth was not acquired.

It frankly appears to us that Sabbah's and SBE's position in this case should be that Nineteenth Street be afforded coverage under the 14th Street policy. Absent that, Sabbah and SBE should take the position that, in fact, Nineteenth and SBE are operated as a single entity. That way, coverage for Nineteenth Street would be triggered and Mr. Sabbah's assets would be protected. Instead, the defense of this action has taken the opposite approach thus far. The separate entities clearly have diverse and conflicting interests, with respect to coverage issues.

Plaintiffs are not, of course, privy to any coverage discussions that may have taken place during the course of this litigation. You have advised that you are not "coverage counsel" and are not involved in any coverage decision. You have consistently taken the position, however (most recently at the February 25, 2011, hearing), that Nineteenth Street has no insurance coverage. Sabbah, Nineteenth, and SBE are all represented by your firm, which regularly represents Nationwide insureds and is paid for doing so by Nationwide. It appears that the defense posture in this case has been to take the position that the two insured entities–Sabbah and SBE–have no liability in the matter, while also taking the position that the entity which sold the alcohol–Nineteenth Street–has no insurance. Although this might be a favorable result for Nationwide, it is a potentially disastrous result for Nineteenth–and for Mr. Sabbah.

It certainly could be argued that this defensive posture violates the enhanced duty of good faith recognized in *L&S Roofing Supply Company v. St. Paul Fire Marine Insurance Company*, 521 So.2d 1298, 1303-1304 (Ala. 1987). If so, Nationwide could face substantial exposure in the event of a verdict.

Defendants have substantial exposure in this case. Defendants' insurance company has substantial exposure in the event of a verdict, if they continue to take the position that there is no coverage for this convenience store. Please accept this demand on behalf of Plaintiffs Robertson, Vickery and Waldrop, for the sum of $2.75 million dollars to settle all claims. In the event that Nationwide offers the $1 million dollar liquor liability policy limit available under policy 77PR762940, to settle these claims, plaintiffs will agree to accept the same and to dismiss all claims.

To be clear, this is an offer to settle within policy limits. Please be sure to convey this offer to Mr. Sabbah and to advise him accordingly. Obviously, Nationwide's failure to settle within policy limits when the insured requests such can result in additional excess exposure to Nationwide.

H&C 11070

Kori L. Clement, Esq.
March 3, 2011
Page 4

---

        With best regards, I remain,

                Very truly yours,

                **DAVENPORT, LAVETTE & CLECKLER, P.C.**

                Patrick M. Lavette

PML/ljf

cc:    Don McKenna, Esq. (Via Email & First-Class Mail)
       Ralph Bohanan, Jr., Esq. (Via Email & First-Class Mail)

**H&C 11071**