FILED
2015 Nov-11  PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| IBRAHIM SABBAH, Individually; and SABBAH BROTHERS ENTERPRISES, INC. d/b/a 14TH STREET BP,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a corporation;  )<br><br>Defendants.  ) | CIVIL ACTION FILE NO. 2:15-cv-01772-WMA |

## DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW, Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively referred to herein as "Nationwide"), the Defendants in the above-styled case, and file this, their Motion to Dismiss and Memorandum of Law in Support Thereof.  As explained herein, Plaintiffs' claims are time-barred because Nationwide disclaimed coverage in July 2007, and Plaintiffs did not file this lawsuit until more than eight years later on October 13, 2015.  Accordingly, Nationwide's motion should be granted.

## I.     BACKGROUND

Plaintiffs filed this lawsuit seeking damages in connection with four underlying lawsuits arising from the sale of alcohol at a convenience store located in Bessemer, Alabama. According to the Complaint, Plaintiff Sabbah Brothers Enterprises, Inc. (hereinafter, "SBE") owned the store located in Bessemer, Alabama. (Doc. 1, ¶ 1.) Plaintiff Ibrahim Sabbah is the sole shareholder, officer and director of SBE. (Id. at ¶¶ 2, 10.) Plaintiffs allege that the store was not operated by SBE but by a separate entity, Nineteenth Street Investments, Inc. ("Nineteenth Street"), who leased the store from SBE. (Id. at ¶ 10.) Plaintiffs allege further that SBE is the sole shareholder of Nineteenth Street, and that Sabbah is an officer and director of Nineteenth Street. (Id..)

On April 5, 2007, SBE purchased a commercial general liability policy from Defendant Nationwide Mutual Insurance Company (hereinafter, "Nationwide"), which Plaintiffs allege also includes Sabbah as an insured. (Doc. 1, ¶¶ 6-7; Doc. 1-1.) About a month later, on or about May 7, 2007, a teenager was killed and three other teenagers were severely and permanently injured in an automobile accident. (Doc. 1, ¶ 11.) The teenagers (hereinafter referred to as "the claimants") brought four separate lawsuits in the Circuit Court for Jefferson County. (Id. at ¶ 12.)

The lawsuits collectively alleged in various pleadings and amendments thereto that the accident was caused by the consumption of alcohol that an

employee of SBE had served illegally to intoxicated minors. (Id. at ¶¶ 11-13.) The lawsuits collectively asserted Dram Shop claims against Plaintiffs (SBE and Sabbah) and Nineteenth Street, and also alleged that SBE, Sabbah and Nineteenth Street were alter egos, and thus were all liable for any judgment. (Id. at ¶ 13.)

SBE, Sabbah and Nineteenth Street tendered the lawsuits to Nationwide for coverage. (Doc. 1, ¶ 15.) By letter dated July 19, 2007, Nationwide denied coverage to SBE and Sabbah pursuant to the terms of a Liquor Liability Endorsement, but agreed to provide a courtesy defense. (Id. at ¶ 17; Exhibit 1, attached.)[1] In subsequent letters to SBE and Sabbah on April 3, 2009 and April 26, 2010, Nationwide reiterated its position that there was no coverage for the claims asserted against SBE and Sabbah. (Id. at ¶ 18; Doc. 1-2.) Specifically, Nationwide advised that "[t]he business owners liability coverage form excludes coverage for liquor liability, and the liquor (lability coverage form excludes coverage when there is no liquor license in effect. SB did not have a liquor license in effect when this loss occurred." (Doc. 1-2, p. 4.)

On March 3, 2011, the claimants in the underlying lawsuits offered to settle their claims against SBE, Sabbah and Nineteenth Street within the $1 million policy limits of the Nationwide policy. (Doc. 1, ¶¶ 22-23; Doc. 1-3.) However,

---

[1] Separately, Nationwide disclaimed coverage for Nineteenth Street because it was not an insured under the policy. (Doc. 1, ¶ 16.) Nineteenth Street, however, is not a party to this lawsuit.

Plaintiffs contend that Nationwide did not make an offer in response to this settlement demand. (Doc. 1, ¶ 25.)

On February 8, 2013, a jury returned a verdict in favor of the claimants against Nineteenth Street for a total of $15,150,000. (Doc. 1, ¶ 26.)  On March 14, 2013, the claimants offered to settle their claims for the $1 million policy limits, but Nationwide did not make an offer. (Doc. 1, ¶¶ 27-28; Doc. 1-4.)[2]

Thereafter, the trial court conducted a bench trial to determine whether SBE and Sabbah should be liable for the judgments entered against Nineteenth Street in the underlying lawsuits. (Doc. 1, ¶ 29.)  On December 20, 2013, the trial court entered a Final Consolidated Judgment in which it entered a $15,150,000 judgment against SBE, Sabbah and Nineteenth Street. (Id. at ¶ 30.)  SBE and Sabbah filed a notice of appeal of the judgment on July 31, 2014, and this appeal is currently pending in the Alabama Supreme Court. (Id. at ¶¶ 32, 34.)

Plaintiffs filed the instant lawsuit on October 13, 2015.  In Count I, Plaintiffs assert a claim for Negligent/Wanton Failure to Settle, alleging Nationwide negligently and/or wantonly failed to exercise reasonable care in deciding not to settle the claims asserted against Plaintiffs in the underlying lawsuit within policy

---

[2] Through defense counsel, Plaintiffs were advised as follows on May 2, 2013: "I have heard from the insurance company regarding the demand and the carrier advised that they denied this claim in 2007. Thus, the carrier advises that you are free to settle this case or do whatever you think is in your best interest." (Exhibit A.)

4

limits. (Doc. 1, ¶ 39.) In Count II, Plaintiffs assert claims for Bad Faith Failure to Properly Investigate, Defend, and Settle All Claims Against Plaintiffs, alleging Nationwide acted in bad faith when it "failed to investigate, defend, manage, and settle" the claims asserted against them for policy limits. (Doc. 1, ¶ 44.) In Count III, Plaintiffs assert a claim for Bad Faith Failure To Indemnify Plaintiffs, which consists primarily of additional allegations that Nationwide acted in bad faith in failing to accept the claimants' offer to settle the claims asserted against Plaintiffs for policy limits. (Id. at ¶¶ 47-56.)

As explained below, Plaintiffs' claims are time-barred because they were not filed with the applicable period required by Alabama law that accrued upon Nationwide's denial of coverage in 2007. Accordingly, Nationwide's motion should be granted.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Nationwide Mutual Fire Insurance Company Should Be Dismissed as a Party-Defendant

As an initial matter, Nationwide notes that the policy was issued by Nationwide Mutual Insurance Company, and not Nationwide Mutual *Fire* Insurance Company, yet Plaintiffs named both parties as defendants to this lawsuit. The existence of a valid and enforceable contract, however, is an essential element for the claims arising from duties alleged to arise from the policy. See State Farm & Fire Cas. Co. v. Slade, 747 So.2d 293,303 (Ala. 1999); ALFA Mut. Ins. Co. v.

Smith, 540 So2d 691, 695 (Ala. 1988). Because Plaintiffs' contract was with Nationwide Mutual Insurance Company, this Court should dismiss Nationwide Mutual *Fire* Insurance Company as a party-defendant. If any claims are viable they would be against Nationwide Mutual Insurance Company *only*.

### B. **Plaintiffs' Claims Are Time-Barred**

Plaintiffs were aware as of July 19, 2007 that Nationwide had disclaimed coverage based on the terms of the Liquor Liability Endorsement in the policy. Although Nationwide agreed to defend, Nationwide reminded Plaintiffs on several occasions that coverage is excluded "when there is no liquor license in effect" and that Plaintiffs "did not have a liquor license in effect when this loss occurred." When a demand was made for the policy limits in 2013, Plaintiffs were again advised that the claim had been denied in 2007. Given the denial in July 2007, Plaintiffs' claims for negligence and for bad faith are barred by the passage of time.

Plaintiffs' claims for negligence, wanton and bad faith conduct are all subject to a two-year statute of limitations. Ala. Code § 6-2-38(l); Wardlow v. Whiten, 2015 WL 6503674, at *1 (N.D. Ala. Oct. 28, 2015); Scott v. Transport America, Inc., 89 F.Supp.3d 1275, 1277 (N.D. Ala. 2015); Jones v. ALFA Mut. Ins. Co., 875 So.2d 1189, 1193 (Ala. 2003); Shufford v. Integon Indemn. Corp, 73 F.Supp.2d 1293, 1301 (N.D. Ala. 1999). The claims accrue when the insured is aware "of facts which would put a reasonable mind on notice of the possible existence [of

bad faith]." Farmers &Merchants Bank v. Home Ins. Co., 514 So.2d 825, 831-32 (Ala. 1987). Jones v. ALFA Mut. Ins. Co., 875 So.2d 1189, 1193 (Ala. 2003); Shufford, 73 F.Supp.2d at 1301. Thus, for example, an insured may assert a bad faith claim based on an insurer's initial refusal to pay a claim, even if an insurer later accedes to the insured's demands for payment.

In this case, the two-year limitation period began to run when Nationwide denied coverage to Plaintiffs on July 19, 2007 (Exhibit 1; Doc. 1, ¶ 17.) Plaintiffs reasonably knew by then of the "possible existence" of bad faith. Indeed, in their Complaint, Plaintiffs characterize Nationwide's denial of coverage as "shocking" and "frivolous", and Plaintiffs contend that the claims asserted against them in the underlying lawsuits "clearly allege covered claims . . ." (Doc. 1, ¶ 17 & n.5.)

Plaintiffs may contend that Nationwide subsequently issued reservation of rights letters to them stating that there "may not" be coverage, neither the Complaint nor the cited letters reflect that Nationwide changed its position with respect to the coverage issues it raised. To the contrary, Nationwide advised that coverage was excluded under the Liquor Liability Endorsement because Plaintiffs did not have the required liquor licenses. (Doc. 1-2, p. 4.) When a settlement demand was made, Plaintiffs were advised (in May 2013) that Nationwide would not be responding because coverage had been denied in 2007. Plaintiffs were thus plainly aware of the "possible existence" of bad faith as of July 19, 2007. If they

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** has been filed with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants as follows:

>Keith T. Belt, Jr., Esq.
>Keithb@beltlawfirm.com
>Robert P. Bruner, Esq.
>robertb@beltlawfirm.com
>W. Alan Duke, Jr.
>aland@beltlawfirm.com
>Steven D. Barnett, Esq.
>drewb@beltlawfirm.com

This 11th day of November, 2015.

>/s/ Philip W. Savrin
>Philip W. Savrin
>Georgia Bar No. 627836
>Pro Hac Vice Motion Pending

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-1405 (telephone)
(770) 937-9960 (facsimile)
psavrin@fmglaw.com

## HARE & CLEMENT, P.C.
A PROFESSIONAL CORPORATION

LAWYERS

LYNN ETHERIDGE HARE°
KORI L. CLEMENT •
------

505 20TH STREET NORTH
SUITE 1010 FINANCIAL CENTER
BIRMINGHAM, ALABAMA 35203
TELEPHONE (205) 322-3040
FACSIMILE (205) 322-5577

May 2, 2013

OF COUNSEL:
STEPHANIE WHITE SCHMIDT°
KENNETH A. DOWDY*
JACK CRISWELL♦
°ADMITTED IN MISSISSIPPI AND ALABAMA
•ADMITTED IN CALIFORNIA AND ALABAMA
*ADMITTED IN ALABAMA
°ADMITTED IN MISSOURI AND ALABAMA
♦ADMITTED IN ALABAMA AND GEORGIA

Mr. Ibrahim Sabbah
Post Office Box 36661
Hoover, AL  35236

RE: Sharon Robertson, et al. v. Sabbah Brothers Enterprises, Inc.
Civil Action No.:                           CV-07-633
HC&D File No.:                              111-01836

Susan Green, et al. v. Brittany Caffee, et al.
Civil Action No.:    CV-07-783-ERV
HC&D File No.        111-01849

Tisha Owens, et al. v. Brittany Caffee, et al.
Civil Action No.:    CV-07-797-ERV
HC&D File No.        111-01850

Dear Mr. Sabbah:

I have heard from the insurance company regarding the demand and the carrier has advised that they denied this claim in 2007. Thus, the carrier advises that you are free to settle this case or do whatever you think is in your best interest. Please discuss this with Andrew.

If you should have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

HARE & CLEMENT, P.C.

ORIGINAL SIGNED

Kori L. Clement

KLC/mac