```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

IBRAHIM SABBAH, et al.,       }
                              }
     Plaintiffs,              }
                              }     CIVIL ACTION NO.
v.                            }     2:15-CV-1772-WMA
                              }
NATIONWIDE MUTUAL INSURANCE   }
COMPANY, et al.,              }
                              }
     Defendants.              }
                              }
                              }
```

**MEMORANDUM OPINION**

On November 11, 2015, defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company filed a joint motion to dismiss (Doc. 7) and an amended motion on November 12, 2015 (Doc 9).  Plaintiffs Ibrahim Sabbah and Sabbah Brothers Enterprises Inc. d/b/a 14th Street BP filed a response on November 25, 2015. (Doc. 11).  Defendants replied on December 9, 2015. (Doc. 12).  Having been fully briefed, the motion is now under submission.  For the reasons stated below, the motion to dismiss will be denied.

**I.   Proper parties**

Under the Federal Rules, a pleading must make "a short and plaint statement of the claim," Fed. R. Civ. Proc. 8(a)(2), and such claims must be "limited as far a practicable to a single set of circumstances . . . [to] promote clarity," Fed. R. Civ. Proc. 10(b).  "These rules, working together, require a plaintiff 'to

1

present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading' and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted." *Washington v. Bauer*, 149 F. App'x 867, 869-70 (11th Cir. 2005) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

In their complaint, plaintiffs improperly conflate Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company into what they call "NMIC", alleging various facts and Counts I, II, and III against "NMIC." (Doc. 1).  Despite their conflation, plaintiffs admit to "separate policy numbers" and "separate coverages from separate companies" (Doc. 11 at 6) where National Mutual Insurance Company issued a businessowners policy (77 BO 762-940-3001) to Sabbah Brothers Enterprises Inc. (Doc. 1-1 at 2) and National Mutual Fire Insurance Company issued a blanket policy (77 PR 762-940-3007) to Sabbah Brothers Enterprises Inc. (Doc. 1-1 at 85).[1]  Therefore, defendants' motion to dismiss will be granted with leave to amend for plaintiffs to separate certain facts and counts as to make clear what plaintiffs are complaining about as to each defendant.

---

[1] Plaintiffs also allege in Count II that "NMIC acted wrongfully and in bad faith when it refused coverage to Nineteenth [Street]" (Doc. 1 at 19), however there is no party to this action named "Nineteenth Street."

**II.   Statute of limitations**

"The very basic and long settled rule of construction of [Alabama] courts is that a statute of limitations begins to run . . . as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Wheeler v. George*, 39 So. 3d 1061, 1084 (Ala. 2009)(italics omitted).  "[A] cause of action arising out of a failure to settle a third-party claim made against the insured does not accrue unless and until the claimant obtains a final judgment in excess of the policy limits." *Evans v. Mut. Assur., Inc.*, 727 So. 2d 66, 67 (Ala. 1999).  However, a cause of action for "a first-party claim wherein . . . the insurer had, in bad faith, refused to pay a legitimate claim made by the insured on his own policy . . . accrues the moment the insurer refuses, in bad faith, to honor the claim, and that the insurer cannot absolve itself of liability by subsequently tendering payment." *Id*. at 68.  Under both tort theories, the applicable statute of limitations is two years. Ala. Code. § 6-2-38.

In this case, plaintiffs argue[2] that their claims contained in

---

[2] A close reading of plaintiffs' complaint suggests that as to at least one defendant, Counts I, II, and III do **not** arise from refusal to settle with third-party claimants in favor of going to trial, but rather appear to arise from refusal to settle because plaintiffs were not covered by the policy. (Doc. 1 at 8-11); see *Fed. Ins. Co. v. Travelers Cas. & Sur. Co.*, 843 So. 2d 140, 143 (Ala. 2002) (finding third-party liability arises from the insured relinquishing control of the defense and settlement of the action to the insurer because "reliance on the abilities and good faith of the insurer is therefore necessarily at a maximum").  Specifically, plaintiffs allege defendants refused to

Counts I, II, and III of their complaint are third-party bad faith claims where "a liability insurance carrier[] fail[s] to protect its insured from a third-party claim." (Doc. 11 at 7). See *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So. 2d 1, 5 (Ala. 1981) ("third party actions involv[e] . . . recovery against the insurer in situations where the insurer wrongfully refuses, either negligently or intentionally, to settle the third party claim within policy limits and where, as a result, the insured incurs a judgment against him in an amount in excess of the policy"). Therefore, judgment having been entered against plaintiffs on December 20, 2013 by the Circuit Court of Jefferson County (Doc. 1 at 5-6, 13) and post-judgment motions having been denied on June 20, 2014 by the Supreme Court of Alabama (Doc. 1 at 13; Doc. 11 at 5), Counts I, II, and III were timely filed on October 13, 2015 within the two year statute of limitations.

---

ever defend or indemnify Nineteenth Street "[b]ecause it was not listed as the named insured." (Doc. 1 at 7). Additionally, plaintiffs allege defendants initially denied coverage for plaintiffs while still offering "a 'courtesy defense' wherein it agreed to pay for counsel but expressly refused coverage and denied any indemnity whatsoever." (Doc. 1 at 8). Plaintiffs allege that defendants later replaced this arrangement with "a defense under a reservation or rights . . . [where plaintiffs] '**may not** be covered under the policies.'" (Doc. 1 at 8). While plaintiffs contend Counts I, II, and III are third-party liability claims, the facts contained in their complaint and attached insurance policy language and communications instead may support only first-party claims for bad faith refusal to pay by an insurer; however, plaintiffs' conflation of both defendants, and defendants' limited grounds for its motion to dismiss, make adjudication of these issues not ripe for review.

**CONCLUSION**

For the reasons explained above, by separate order defendants' motion to dismiss will be granted but with leave to amend on or before January 8, 2016.

DONE this 22nd day of December, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE