FILED
2016 Mar-16  AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **IBRAHIM SABBAH,** Individually; and **SABBAH BROTHERS ENTERPRISES, INC. d/b/a 14TH STREET BP** ) ) ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION FILE NO. 2:15-cv-01772-WMA |
| v. ) ) | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** a corporation; **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,** a corporation; ) ) ) ) ) ) ) | |
| Defendants. ) | |

### DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT

Nationwide Mutual Insurance Company ("Nationwide Mutual") and Nationwide Mutual Fire Insurance Company ("Nationwide Fire") file this Surreply Brief in Opposition to Plaintiffs' Motion to File a Second Amended Complaint. (Doc. 23.)

### FACTS AND PROCEDURAL HISTORY RELEVANT TO THIS SURREPLY BRIEF

On December 22, 2015, this Court noted that Plaintiffs' initial complaint conflated the two insurers by calling them both "NMIC" despite separate policies

having been issued by the two named defendants. (Doc. 16, p. 2.) Plaintiffs were thus ordered to amend the complaint by January 8, 2016, "to make clear what plaintiffs are complaining about as to each defendant." (Id., Doc. 17.) In response to the Court's order, Plaintiffs' filed their "First Amended Complaint" on January 8, 2016, making plain that their claims are premised on coverage owed under a liquor liability policy issued by Nationwide Fire, <u>and not on the general liability policy issued by Nationwide Mutual</u>. (Doc. 18, ¶ 7.) As Plaintiffs explained in a footnote to that allegation

> A copy of the [Nationwide Fire] Policy was attached to the original complaint (doc. 1) as Exhibit A (doc. 1-1) along with the separate businessowners policy [issued by Nationwide Mutual]. For sake of clarity, Plaintiffs reattach only the [Nationwide Fire] Policy as an exhibit to this First Amended Complaint.

(Id., fn. 2.) Instead, Plaintiffs' claims against Nationwide Mutual are that it acted "on behalf of or as alter-ego" of Nationwide Fire. (Doc. 18, ¶¶ 51-58; 63-67; and 79-90.) Defendants moved to dismiss the First Amended Complaint on several bases, including the absence of factual or legal support for the "alter-ego" claim against Nationwide Mutual, and that motion is pending before the Court. (Doc. 19.)

Two days after the briefing was complete on Defendants' motion to dismiss, Plaintiffs then filed the instant motion for leave to file a Second Amended Complaint. (Docs. 22 and 23.) In their motion, Plaintiffs now seek to add claims under the general policy issued by Nationwide Mutual – claims that they had

expressly disavowed in their First Amended Complaint.  (Compare Doc. 18 ¶ 7, fn. 2 with Doc. 23-1, ¶¶ 7, 11, 24, 27.)  In opposing Plaintiffs' motion, Defendants noted that Plaintiffs did not state "failure to settle" claims for relief against Nationwide Mutual because the demand for payment of limits was made against the liquor liability issued by Nationwide Fire, and not the general liability policy issued by Nationwide Mutual.  (Doc. 26, pp. 14-17.)  Because Plaintiffs' facts did not support recovery against Nationwide Mutual, Defendants argued that the claims against Nationwide Mutual must be dismissed under Rule 12(b)(6).  (Id.)

In their reply brief, Plaintiffs implicitly concede that their proposed Second Amended Complaint does not contain facts supporting their claims against Nationwide Mutual, by attaching instead three letters that they contend show that the limits of the policy were demanded.  (Doc. 29-2.)  None of these letters, however, mentions the Nationwide Mutual policy.  Instead, the first letter states that the claimants' counsel "will recommend a settlement to our clients for the policy limits of all defendants' coverage" (Doc. 29-2, pp. 1-3); the second letter make a limits demand on policies issued to parties other than Plaintiffs herein[1] (Id., pp. 5-6); and in the third letter, another claimants' counsel states:  "I will be demanding policy limits…" (Id., p. 8.)

---

[1] The parties are:  Brittany Caffee, 97 Package Story Entity, and 14th Street BP Entities.  (Doc. 29-2, p. 2.)

For the reasons provided below, the Court should disregard the letters as inappropriately presented for the first time in a reply brief.  Alternatively, the letters do not support a claim for relief against Nationwide Mutual.

### ARGUMENT AND CITATIONS TO AUTHORITY

"It is well established that the raising of new issues and submission of new facts in reply brief is improper." Fisher v. Ciba Specialty Chemicals Corp., 238 F.R.D. 273, 311 n. 82 (S.D. Ala. 2006).  "The moving party in a motion cannot submit new information as part of its Reply."  Id. (quoting Sweet v. Pfizer, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005).  Plaintiffs violated this rule by presenting new information in the context of a reply brief.  Nor can Plaintiffs provide a reasonable explanation for their failure to present this information sooner, having not only filed their complaint and amendment to that complaint, but also having responded at this point two motions to dismiss as well as an opposition to amending the complaint yet another time.

The Court should not countenance Plaintiffs' conduct of continually tossing out different facts or theories of recovery in the hopes of finding a claim upon which relief can be granted.  Accordingly, the Court should strike the exhibits attached to the reply brief as well as the legal argument pertaining thereto, in resolving Plaintiffs' motion for leave to file a second amended complaint.

Should the Court allow Plaintiffs to rely on facts asserted for the first time in a reply brief to the motion to dismiss, it should find nevertheless that the letters do not rescue Plaintiffs' claim against Nationwide Mutual. As stated in the facts section above, in the first letter, claimant's counsel says that plans to "recommend" that his clients demand payment of limits of policies that are not even specified in the letter. Similarly, in the third letter, claimant's counsel states that he plans to make a demand for payment of limits of unspecified policies in the future. Neither of these letters is a demand for payment, let alone a specific amount allegedly covered by the Nationwide Mutual policy. In the remaining letter, the attorney makes a demand for payment of the limits of three policies, none of which were issued to Plaintiffs in this lawsuit let alone by Nationwide Mutual.[2]

Under Alabama law, "an insurance company may be held liable for failing to accept a reasonable demand within the insured's policy limits under either a theory of negligence, or bad faith, or both." MetLife Auto & Home Ins. Co. v. Reid, 2013 WL 6844109, *7, n. 64 (N.D. Ala. 2013) (citing Waters v. Am. Cas. Co. of

---

[2] As stated, the parties are: Brittany Caffee, 97 Package Story Entity, and 14th Street BP Entities. (Doc. 29-2, p. 2.) The demand does not reference Plaintiffs, let alone the Nationwide Mutual policy, plus it was made in August 2007 based on dram shop liability. Plaintiffs were not liable for the dram shop claims, but instead were found liable at a separate trial from the dram shop claims, on "equitable veil-piercing and/or alter-ego grounds," according to Plaintiffs proposed Second Amended Complaint. (Doc. 23-1. ¶¶ 15, 34(e), 35 and 37.)

Reading, Pa., 73 So. 2d 524, 531-32 (Ala. 1953).[3]  Absent a "demand," let alone a "reasonable" one within policy limits, no claim for relief can be stated under Alabama law.  Accordingly, even if the Court were to consider the letters that were presented for the first time as an attached to the reply brief, they do not lend factual support for the claims against Nationwide Mutual.  Based on the Twombly/Iqbal line of cases, therefore the claims against Nationwide Mutual should be dismissed as lacking plausible support as thus the amendment would be futile.   See Speaker v. U.S. Dep't. of Health and Human Svcs., 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007) (finding a complaint must state facts sufficient "to state a claim to relief that is plausible on its face.")

WHEREFORE, Plaintiffs' Motion to File a Second Amended Complaint should be denied.

---

[3] In their reply brief, Plaintiffs state their disagreement with Judge Smith's statement of the law in MetLife that a demand for the limits is a prerequisite to a claim against the insurer for failure to settle. (Doc. 29, pp. 7-8.)  Plaintiffs have no legal support for this contention, as they rely on an unchallenged jury instruction cited in the Carrier Express case from 1994, which is neither precedential nor legal authority on the issue. Moreover, Carrier Express discussed bad faith in the context of the alleged breach of the enhanced duty of good faith and fair dealing in a reservation of rights defense.  Here, Plaintiffs' claims are premised on Nationwide *Fire's* offer to provide a "courtesy defense" as opposed to Nationwide *Mutual*. (Doc. 23-1, pp. 247 and 258-60; Doc. 18-5, p. 6; Doc. 18-7, pp. 8-10); see also Doc., 26, pp. 9-12 (Defendant's brief explaining the applicable law.)

        Respectfully submitted,

        **FREEMAN MATHIS & GARY, LLP**

        */s/ Philip W. Savrin*
        Philip W. Savrin
        Georgia Bar No. 627836
        Admitted Pro Hac Vice
        *Attorney for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-1405 (telephone)
(770) 937-9960 (facsimile)
psavrin@fmglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **DEFENDANTS' SURREPLY BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** has been filed with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants as follows:

Keith T. Belt, Jr., Esq.
Keithb@beltlawfirm.com
Robert P. Bruner, Esq.
robertb@beltlawfirm.com
W. Alan Duke, Jr.
aland@beltlawfirm.com
Steven D. Barnett, Esq.
drewb@beltlawfirm.com

This 16th day of March, 2016.

                                                  */s/ Philip W. Savrin*
                                                Philip W. Savrin
                                                Georgia Bar No. 627836
                                                Admitted Pro Hac Vice

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-1405 (telephone)
(770) 937-9960 (facsimile)
psavrin@fmglaw.com