IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **IBRAHIM SABBAH, and SABBAH BROTHERS ENTERPRISES, INC,** doing business as 14th Street BP, <br><br> **Plaintiffs,** <br><br> v. <br><br> **NATIONWIDE MUTUAL INSURANCE COMPANY and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,** <br><br> **Defendants**. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Case No.: 2:15-CV-1772-VEH** |

## MEMORANDUM OPINION AND ORDER

On May 11, 2017, at the end of an extensive Memorandum Opinion and Order directed towards the then pending Motion To Dismiss (doc. 50), this Court wrote:

1. The motion to dismiss is **DENIED** as to the breach of contract claims against [Nationwide Mutual Fire Insurance Company ("NMFIC") and Nationwide Mutual Insurance Company ("NMIC")] (Counts Twelve and Thirteen), and the claims for declaratory judgment against NMFIC and NMIC (Counts Fourteen and Fifteen).

2. As to all other counts in the Second Amended Complaint (Counts One through Eleven), the motion is hereby **GRANTED**. Counts One through Eleven in the Second Amended Complaint are hereby **DISMISSED with prejudice.**

3. No later than May 31, 2017, the Defendants may file a new motion to dismiss which addresse[s] **ONLY**: 1) whether the statute of limitations has run as to the breach of contract claims; and 2)

> whether a decision that the statute of limitations <u>has</u> run as to the breach of contract claims moots the claims for declaratory relief.
> . . ..

(Doc. 60 at 49-50) (emphasis in original). The Defendants' new Motion To Dismiss is now before the Court. (Doc. 61).

"A contract of insurance, like other contacts, is governed by the general rules of contracts." *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 691 (Ala. 2001). The statute of limitations for a breach of contract claim is six years. ALA. CODE §6-2-34(9). The Plaintiffs argue that the Defendants breached their contract of insurance with the Plaintiff on December 20, 2013, when "the corporate veil was pierced and SBE and Sabbah were found to be legally obligated to pay damages." (Doc. 62 at 8). However, the Defendants argue that, if they breached their contract with the Plaintiffs at all, the breach occurred when the Defendants sent their initial disclaimers of coverage to SBE and Sabbah on July 17, 2007, and to Sabbah on February 23, 2009. (Doc. 61 at 4).

In support of their renewed motion, the Defendants cite *Hackleburg Church of Christ v. Great Am. Ins. Companies, Inc.*, 675 So. 2d 1309 (Ala. Civ. App. 1995) for the proposition that "Plaintiffs' breach of contract claims accrued at the time of the purported breach – <u>the denial of coverage and refusal to pay policy benefits</u>." (Doc. 61 at 4). The *Hackleburg* opinion does state that "'[t]he statute of limitations on a contract

action runs from the time a breach occurs rather than from the time actual damage is sustained.'" *Hackleburg*, 675 So. 2d at 1311 (quoting *AC, Inc. v. Baker*, 622 So.2d 331 (Ala.1993)). However, *Hackleburg* dealt with a property damage claim, made more than seven years after damage to the property had occurred, under a policy which otherwise covered the damage. It did not deal with the instant scenario where an insurer disclaims <u>indemnity</u> coverage under a liability insurance policy well before a verdict is entered against the purported insured. Although it is certainly a piece to the puzzle, *Hackleburg* offers little help to this Court in determining whether a breach occurs at the time of the insurer's disclaimer, or at the time it refuses to pay an ultimate judgment against the purported insured.[1]

Furthermore, the Court notes that the Defendants, in an attempt to buttress their citation of the rule of law from *Hackleburg,* quote, without discussion, the following language from *Seybold v. Magnolia Land Co.*, 376 so. 2d 1083, 1085 (Ala. 1979): "The statute of limitations begins to run when a cause of action on the contract accrues, which is to say, when the contract is breached." (Doc. 61 at 5). Importantly, <u>the next line of that opinion</u> notes:

---

[1] In a footnote, the Defendants state that their "conclusion is consistent with the decisions of other courts," and then cite cases decided under the laws of other states. (*See* doc. 61 at 5, n. 3). The Court cannot say, based merely on the Defendants' short discussion of *Hackleburg*, that these cases are, or are not, persuasive. Considering that this is the Defendants' second shot at this argument, the Court is disinclined to do their research for them.

3

> "Breach" consists of the failure without legal excuse to perform any promise forming the whole or part of the contract. 17 Am.Jur.2d Contracts s 441 at 897. Where the defendant has agreed under the contract to do a particular thing, there is a breach and the right of action is complete upon his failure to do the particular thing he agreed to do. 17 Am.Jur.2d, *supra*.

*Seybold*, 376 So. 2d at 1085. This additional language suggests that the breach in the instant case did not occur until after <u>the refusal to pay the underlying judgments</u>. Certainly, the Defendants' argument seems <u>logical</u> in light of the Court's findings as to the Counts which have been dismissed on the basis of the running of the statute of limitations. However, at this time, and based on the arguments made in both the Defendants' motion (doc. 61) and their reply brief (doc. 63), which this Court also considered, the Court cannot say that the breach of contract claims fail to state a claim upon which relief may be granted. This finding moots the remainder of the Defendants' motion (regarding the claims for declaratory judgment_. (*See* doc. 61 at 6-9).

The Renewed Motion To Dismiss is **DENIED**.

**DONE** and **ORDERED** this 25th day of January, 2018.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge