IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IBRAHIM SABBAH, and SABBAH BROTHERS ENTERPRISES, INC, doing business as 14th Street BP, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 2:15-CV-1772-VEH ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The Plaintiffs in this case, Ibrahim Sabbah ("Sabbah"), and Sabbah Brothers Enterprises, Inc. d/b/a 14th Street BP ("SBE"), sue Defendants, Nationwide Mutual Fire Insurance Company ("NMFIC") and Nationwide Mutual Insurance Company ("NMIC"). On May 11, 2017, at the end of an extensive Memorandum Opinion and Order (doc. 60) directed towards the then-pending Motion To Dismiss (doc. 50), this Court dismissed all claims against the Defendants except the claims for: breach of contract by NMFIC (Count Twelve); breach of contract by NMIC (Count Thirteen); declaratory judgment against NMFIC (Count Fourteen); and declaratory judgment against NMIC (Count Fifteen). These remaining counts arise out of judgments obtained

against Sabbah and SBE in four underlying lawsuits and the instant Defendants' refusal to indemnify SBE and Sabbah as to those judgments.

The case is now before the Court on the Defendants' most recent Motion To Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 76). For the reasons stated herein, the motion will be **GRANTED**.

**I.    STANDARD**

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without

supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

**II. ANALYSIS**

In the underlying state court actions, judgments totaling $15,150,000.00 were entered against the instant Plaintiffs. The Plaintiffs claim that the Defendants should have indemnified them for their loss under the following two insurance policies: a business owners liability insurance policy (Policy No. 77-BO-762-940-3001) (hereinafter the "NMIC Policy") issued by NMIC to SBE; and a commercial general liability insurance policy with liquor law liability coverage (Policy No. 77 PR 762-940–3007) (hereinafter the "NMFIC Policy") issued by NMFIC to SBE. The NMIC Policy listed SABBAH BROTHERS ENTERPRISES INC. as the named insured and the NMFIC Policy listed SABBAH BROTHERS ENTERPRISES INC., d/b/a 14TH STREET BP as the named insured.[1] The Defendants claim that the

---

[1] The facts and claims in this case are set out in much more detail in document 60.

remaining claims in this case are now moot because they have satisfied the judgments in the underlying cases. (Doc. 76 at 3).[2] As they put it:

> This is because [the] Plaintiffs' remaining claims and alleged damages are premised entirely on [the] Defendants' failure to indemnify them against the underlying judgments, judgments which have now been satisfied and released. Plaintiffs therefore no longer have a compensable loss and nothing remains for this Court to decide.

(Doc. 76 at 3).

Very recently, the Eleventh Circuit has reiterated:

> Mootness is a question of law[.] *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011).
>
> Article III of the Constitution limits federal court jurisdiction to cases and controversies. *See id.* at 1189. Accordingly, federal courts cannot offer advisory opinions on moot questions or on abstract propositions. *See id.* And federal courts cannot declare principles or rules of law outside those implicated by the matter directly before them. *See id.* A live controversy must exist at all stages of review. *See id.* at 1189-90.

*In Re Zalloum*, 714 F. App'x 973, 974 (11th Cir. 2018). "[A] case generally becomes moot and must be dismissed . . . 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia*, 868 F.3d 1248, 1255 (11th Cir. 2017), *cert. denied sub nom. Davenport v. City of Sandy Springs, Ga.*, No. 17-869, 2018 WL 1460786 (U.S. Mar. 26, 2018) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89

---

[2] It is undisputed that this has occurred.

4

S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *World Wide Supply OU v. Quail Cruises Ship Mgmt.*, 802 F.3d 1255, 1259 (11th Cir. 2015) (internal quotations and citations omitted).

To the extent that Counts Twelve and Thirteen seek damages relating to the payment of the underlying judgments themselves, they are moot and due to be dismissed. However, the Plaintiffs note that, in addition to indemnification, these counts also seek compensation for Sabbah for the emotional distress caused as a result of the Defendants' initial failure to indemnify him on the judgments entered against him.[3]

"It is settled that the law in [Alabama] does not permit recovery for personal injury, inconvenience, annoyance or mental anguish and suffering in an action for breach of a contract of insurance." *Vincent v. Blue Cross-Blue Shield of Alabama, Inc.*, 373 So. 2d 1054, 1056 (Ala. 1979). In breach of contract actions, such damages "are too remote, were not within the contemplation of the parties, and . . . the breach of the contract is not such as will naturally cause mental anguish." *Prattville Mem'l Chapel v. Parker,* 10 So. 3d 546, 565 (Ala. 2008) (internal quotations and citations omitted).

---

[3] In their brief in opposition to the Motion To Dismiss, the Plaintiffs admit that only Sabbah is seeking damages for mental anguish. (Doc. 77 at 3, 8). Accordingly, as to SBE, Counts Twelve and Thirteen are due to be dismissed in their entirety.

However,

> where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded.

*Prattville Mem'l Chapel*, 10 So. 3d at 565. However, this is a limited exception. In *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.,* 207 F.3d 1351, 1359 (11th Cir. 2000), the Eleventh Circuit explained:

> The majority of the cases in which a plaintiff has been allowed to recover damages for mental anguish involved actions on "contracts for the repair or construction of a house or dwelling or the delivery of utilities thereto, where the breach affected habitability." *See, e.g.*, [*Liberty Homes, Inc. v. Epperson*, 581 So. 2d 449, 454 (Ala. 1991), *as modified on denial of reh'g* (May 24, 1991)]; *Orkin Exterminating Co. v. Donavan*, 519 So.2d 1330 (Ala.1988); *Lawler Mobile Homes, Inc. v. Tarver*, 492 So.2d 297 (Ala.1986); *Alabama Power Co. v. Harmon*, 483 So.2d 386 (Ala.1986). Because a person's home is said to be his "castle" and the "largest single individual investment the average American family will make," these contracts are "so coupled with matters of mental concern or solicitude or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering." *B & M Homes, Inc. v. Hogan*, 376 So.2d 667, 671–72 (Ala.1979). Where such a contractual duty breached, the Alabama Supreme Court has said that "it is just that damages therefor be taken into consideration and awarded." *Id.* at 671.
>
> A smaller number of cases has permitted such recovery in actions involving the burial of loved ones, suits based on a physician's promises to deliver a child, and claims based on the breach of a new car warranty where the owner suffers significant fear, anxiety, and embarrassment. See *Taylor v. Baptist Medical Center, Inc.*, 400 So.2d 369 (Ala.1981);

6

> *Volkswagen of America, Inc. v. Dillard*, 579 So.2d 1301 (Ala.1991).
>
> The Alabama Supreme Court has made very clear, however, that all these cases represent an exception to the general rule prohibiting mental anguish damages for breach of contract. These cases deserve special treatment because it is highly foreseeable that egregious breaches of certain contracts—involving one's home or deceased loved one, for example—will result in significant emotional distress. *See Sexton v. St. Clair Federal Sav. Bank*, 653 So.2d 959, 962 (Ala.1995). The contractual duties imposed by these contracts are so sensitive that a breach will necessarily and foreseeably result in mental anguish. *Orkin Exterminating*, 519 So.2d at 1333.

*Ruiz*, 207 F.3d at 1359–60.

The facts of the instant case do not fall within one of the already recognized circumstances where Alabama courts have allowed mental anguish damages for breach of contract–*i.e.* those concerning the plaintiff's home, the burial of loved ones, a physician's promises to deliver a child, or a new car warranty. The Plaintiff has cited no authority, and this Court is aware of none[4], where an Alabama Court has allowed mental anguish damages for the breach of such policies. That makes sense, because such contracts are not "coupled with matters of mental concern or solicitude or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering." It is not foreseeable that the breach of such contracts, which insured SBE, not Sabbah, would result in

---

[4] The Defendants state that they too have found no Alabama case which allows such a recovery under these circumstances. (Doc. 80 at 4).

7

significant emotional distress to Sabbah.[5] *See, Bashir's Inc. v. Sharif*, No.

---

[5] The following discussion from *Ruiz*, where the Eleventh Circuit refused to accept the Plaintiff's argument that Alabama law recognized mental anguish damages for breach of <u>all</u> contracts of insurance, is helpful:

> [The plaintiff] contends that "property insurance policies are one of the types of contracts that are 'coupled with matters of mental solicitude'." He finds support for this theory in *Independent Fire Ins. Co. v. Lunsford*, 621 So.2d 977 (Ala.1993), in which the Alabama Supreme [C]ourt approved an award of mental anguish damages to the Lunsfords when their insurer failed to pay them for damage on their mobile home. The court allowed the award to stand despite the fact that the mobile home was not the Lunsford's primary residence. Ruiz de Molina argues that this case established that Alabama law permits a plaintiff to recover mental anguish damages for the breach of any insurance policy.
>
> We disagree. The Alabama Supreme Court in *Lunsford* did no more than to affirm an award of mental anguish damages for breach of an insurance contract on a mobile home. The court specifically noted that even though the mobile home was not the primary residence of the Lunsfords, it was, nonetheless, used by their relatives. 621 So.2d at 977.
>
> We do not think that the *Lunsford* court intended their decision to broaden the narrow exception permitting mental anguish damages for breach of especially sensitive duties. On the contrary, the Alabama Supreme Court has made clear that it is not eager to "widen the breach in the general rule [prohibiting such damages]." *Volkswagen of America, Inc. v. Dillard*, 579 So.2d 1301, 1304 (Ala.1991). The court has permitted recovery of mental anguish damages only in those cases involving breaches of contracts involving emotionally-freighted duties, such as the contract to insure a home. The insurer of homes assumes "contractual duties ... so coupled with matters of mental solicitude as to the duty that is owed, that a breach of that duty will necessarily or reasonably result in mental anguish." *See Orkin*, 519 So.2d at 1330.
>
> We conclude, therefore, that *Lunsford* did not . . . abrogate the general rule against recovery for mental anguish associated with the breach of a contract. Absent clearer evidence to the contrary than we find in *Lunsford*, we believe that Alabama law does not presume that the parties to a contract meant to "insure each other's emotional tranquility." *See Douglas J. Whaley, Paying for the Agony: The Recovery of Emotional Distress Damages in Contract Actions*, 26 Suffolk U.L.Rev. 935, 951 (1992). The breach of any contract which the parties consider important will always lead to some emotional distress. *Id*. The rule in Alabama remains, however, that recovery of mental anguish damages is permitted for breach

2:09-CV-536-RDP, 2012 WL 3637582, at *4, n. 3 (N.D. Ala. Aug. 22, 2012) (Proctor, J.), amended, No. 2:09-CV-536-RDP, 2012 WL 12895644 (N.D. Ala. Oct. 30, 2012) ("[T]he court concludes that, due to the absence of any exceptional circumstances suggesting that the breach of the insurance contract would result in highly foreseeable and significant mental anguish, recovery for mental anguish damages for the breach of contract claims is not permitted here.") (citing *Ruiz*, 207 F.3d at 1359–1360); *Holmes v. Behr Process Corp.*, No. 2:15-CV-00454-LSC, 2016 WL 7210400, at *3 (N.D. Ala. Dec. 13, 2016) (Coogler, J.) (No mental anguish damages for breach of warranty regarding investment property) (citing *Ruiz*, 207 F.3d at 1359–1360).[6] Counts Twelve and Thirteen are due to be dismissed.[7]

---

       of contract only in a narrow range of cases involving contracts which create
       especially sensitive duties, the breach of which cause highly foreseeable and
       significant mental anguish.

*Ruiz*, 207 F.3d at 1360–61.

   [6] Sabbah in also incorrect in his argument that whether mental anguish damages are recoverable is a question of fact. (*See* doc. 77 at 8). The case he cites for this proposition, *B & M Homes, Inc. v. Hogan*, 376 So. 2d 667, 673 (Ala. 1979), stated that "the question of damages for mental anguish then became a question of fact for the jury to decide." However, the Court made that pronouncement only <u>after</u> the plaintiffs presented evidence of such damages and <u>the court had found such damages were allowed as a matter of law</u>. *See B & M Homes*, 376 So. 2d at 672 ("This case clearly falls within the first exception[.] It was reasonably foreseeable by appellants that faulty construction of appellees' house would cause them severe mental anguish.").

   [7] Counts Twelve and Thirteen also seek

       associated consequential damages including attorneys' fees in a sum in excess of
       the jurisdictional limits of this court, to be determined by a jury, which will fairly
       and adequately compensate the Plaintiff for injuries and damages sustained,

The Plaintiff agrees that the Court's ruling that the Plaintiff cannot recover mental anguish damages in Counts Twelve and Thirteen is "case dispositive."[8] Accordingly, Counts Fourteen and Fifteen are also due to be dismissed.

### III. CONCLUSION

Based on the foregoing, the Court will enter a Final Order dismissing all remaining claims against the Defendants.

**DONE** and **ORDERED** this 18th day of April, 2018.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

together with interest and the cost of this proceeding.

(Doc. 47 at 89-90; 93). The Plaintiff has abandoned these claims for damages, conceding that if this Court finds that mental anguish damages are not recoverable, such a ruling would be "case dispositive." (Doc. 77 at 2).

[8] *See* note 7.